## TAXATION ON BANK SHARES.

Common Pleas Court of Franklin County.

BOARD OF COUNTY COMMISSIONERS, FRANKLIN COUNTY, v. THE
COMMERCIAL NATIONAL BANK OF COLUMBUS.

Decided, December, 1923.

*Returns by Banks for Taxation—Real Estate Should be Entered at its
Tax Valuation—Section 5412 Construed.*

In determining for purposes of taxation the value of the property of
a bank, the deduction to be made of the real estate owned by the
bank should be at its valuation as shown by the tax duplicate
rather than as carried on the books of the bank.

Appearance:

*John R. King* and *Wilber E. Benoy,* for plaintiff.
*J. J. McQueen,* for defendant.
*Attorney-General Crabbe* for Tax Commission of Ohio.

WARNER, J.

The question presented for review is whether or not the
county auditor in fixing the value of the bank's property for
taxation purposes shall deduct the valuation of real estate as
carried on the books of the bank.

In this case the real estate of the bank was carried on the
tax duplicate at a valuation of $181,930 and carried by the
bank in its books at a valuation of $266,570, the duplicate
valuation being $84,640 less than the bank valuation.

After the bank had furnished to the county auditor state-
ments of its property as provided by statute and after the
auditor determined said value, the bank filed complaint with
the county board of revision, which complaint was subsequently
disallowed by said board. Thereupon the bank appealed to
the tax commission of Ohio. That thereafter upon a hearing
of the questions presented by the appeal said tax commission
found and determined that the value of the shares of stock
assessed by the county auditor was not the true value in money

and that the true value in money must be determined by deducting the book value of the real estate of said bank from the aggregate, instead of deducting the tax duplicate valuation from such aggregate.

Upon such finding the tax commission thereupon directed the said county auditor to correct his duplicate in accordance with same and that $1,282,930 was the true value in money of the property of the bank and not $1,549,540 as found by said county auditor and affirmed by said county board of revision.

Section 5412 G. C. provides:

"Upon receiving such report the county auditor shall fix the total value of the shares of such banks, and the value of the property representing the capital employed by unincorporated banks, the capital stock of which is not divided into shares, each according to their true value in money, and deduct from the aggregate sum so found, of each, the value of the real estate included in the statement of resources as it stands on the duplicate."

The value of the shares in a bank is determined by the auditor under the provisions of the foregoing section.

By resort to the report made by the cashier under Section 5411 G. C. and Section 5412 G. C. said auditor determined the value of the shares of said bank to be $1,367,610. To do this he deducted $181,930 the tax duplicate valuation of the real estate of the bank.

I am unable to see how he could do otherwise and follow the plain provisions of the statute.

The real estate is an important factor in fixing the value of shares and while the tax duplicate may not be all that it should be in this respect, yet this valuation must have been in the minds of the legislators when the statute was enacted. It is less liable to change and permanency of values is more apt to be attained than to permit said values to be fixed by arbitrarily raising or lowering the book value as markets increase or decline in real estate.

In the language of the court in case of *Bank* v. *Searles,* 27 O. C. A. p. 409: "The bank can carry this real estate upon its books at such value as it sees proper, but if that amount is less than the amount which stands on the tax duplicate, then to the extent of such excess it is not included in the statement of resources. The deduction to be made is the value on the duplicate which is included in the statement of resources."

Obviously if the bank carries the real estate at a greater value than is on the tax duplicate the resources would be correspondingly increased.

The language of the statute to deduct the value of the real estate as it stands on the duplicate is plain and unambiguous. No deduction greater than the tax duplicate valuation may be made under the provisions of law. The State Tax Commission was without authority of law to make an order fixing the true value of shares for assessment purposes to be $1,282,930 instead of $1,367,610.

Said order is therefore reversed and the action of the county board of revision in disallowing the complaint is affirmed.

Let entry be drawn accordingly.